in number 2011-7032 Hampton against the Department of Veterans Affairs. Mr. Carpenter, when you are ready. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Jerome Hampton. Mr. Hampton appeals the decision of the Veterans Court which indicated that because of his failure to file a notice of disagreement with a February 2000 rating decision, that that rendered the decision final and accordingly because the October 1999 statement had been previously considered that the provisions of 38 CFR 3.156B were not required to be discussed by the board. Isn't it true that the VA has already considered whether the medical evidence submitted in connection with Mr. Hampton's April 2000 submission would justify our higher rating as far back as his original claim? The VA has already considered it. I'm jumping to the end game. Say I agree with you that Bond says it was improper for them not to treat this as part of the original claim. Well, all that does is get you a review of whether with this additional evidence the original claim was substantiated back to the date it wants and the VA has already made a separate finding on exactly that point. So, I don't see that much of a formless error here unlike Bond. Because there's a second submission that took place and that second submission was what produced the July 2000 decision which is the decision which the notice of disagreement was filed with in this case and resulted in ultimately a rating, a total rating back to February of 2000. Because of the first submission of new and material evidence, he received a temporary total rating from May 1999 to June 30, 1999 which then leaves a window, if you will, from June 30, 1999 until February 2000. It is based upon that second submission and the resulting new and material evidence in that window that negated the necessity to file a notice of disagreement and then required consideration by the VA. I don't think you're understanding my question. I'm sorry. That's okay. My question is the VA has already considered all of the evidence and decided how far back entitlement would go. I feel like this is nothing but harmless error here because your veteran can't possibly get any relief even after Bond. This case is not like Bond. The VA made a separate holding actually considering all of the evidence and decided there was no right of entitlement back to the very time period that you're asking for. So, I don't understand the point of this appeal. Well, I respectfully disagree that the Board did that. In fact, I believe that the Board only considered an effective date to the date currently assigned and did not consider the effective date earlier. The precise purpose of our appeal to the court was to require the Board to have considered and applied 3.156B in that window from June 30, 1999 until February 2000. Let me see if I understand your legal theory here. Suppose that the Board were to consider, and there are several different pieces of evidence floating around here, but let's just take the hospitalization period. That's one of your contentions is that that is evidence that they should have considered in deciding how far back to go with their, as new and material evidence, which should have latched on to the original claim and therefore given him a 100% date all the way back to, I guess, what it is, May 1, 1999, correct? Well, he already has a total rating from May 1999. Right, from May 1999, but there's the gap period. Yes, beginning June 30, 1999 to February 2000. Right. And it's the consideration of all of this evidence once they decided that he was entitled to a 100% rating. What they did in the Board decision was to treat this as though it were an effective date issue as opposed to treat this as it was part and parcel of his original May 1999 claim. But suppose, and here's my question, suppose that the Board said, sure, you know, we've just read the Bond decision and we've concluded that we have to consider it as part and parcel of the overall claim. Nonetheless, the evidence itself does not show that he was 100% all the way back to the date of his original claim, but instead it shows that at some point during the pendency of the claim, he shot up to 100% and then maybe came down. Or maybe he didn't come down, but in any event, he doesn't go all the way back to the beginning. Is it your legal theory that notwithstanding their conclusion that that evidence doesn't show 100% disability all the way back to the date of his claim, it nonetheless must be used to give him 100% back to the original date? Well, see, Your Honor, that's where I think the problem comes in here because it's not really about consideration of a 100% rating. Obviously, that's what he wants. But it's consideration of a rating more than the initial rating that he received, which was 30%. So does that new and material evidence justify a rating in this case of 50, 70, or a 100% rating in that window? But if the Board were to say, we've looked at that evidence and we don't think it justifies the conclusion that he was more than 30% disabled during that window period, would you have a case? I do not believe so because that would have correctly applied 3.156B. Because 3.156B contemplates that this will be a pending claim and that there is no need, as the Veterans Court erroneously concluded here, to file a notice of disagreement when you submit sequentially new and material evidence until there is a final decision. The final decision in this case, which, of course, did not become final because he filed the notice of disagreement, was his July 2000 rating decision. There were really three rating decisions, September 1999, the original decision, which assigned 30%, the February 2000 decision, which assigned a temporary total rating, and then the July 2000 decision, which partially increased the rating from 30 to 50 and agreed that part of this evidence justified a rating more than 30%. But it is the consideration between 50 and 100 that was never properly considered by the VA because they treated this as an effective date claim based upon a new claim, just as the Veterans Court did. Aren't you addressing mainly factual issues and not legal issues? Absolutely not, Your Honor. Explain why. Because this is a question of law as to whether or not 3.156C makes a claim pending and, therefore, part of the original adjudication of the rating to be assigned as opposed to a new claim that then is decided on the basis of what the proper effective date is to be assigned for the eventual 100% that was granted. This is not an effective date issue. This is a legal issue about the pendency under the plain language of 3.156B that 3.156B creates a circumstance that as you make additional submissions after the original decision, that that claim remains pending until the final decision on those submissions is made and then the one-year period expires. That one-year period did not expire because after July of 2000, he filed a timely notice of disagreement. But because the VA treated this as an effective date issue, they dealt with this only in the look-back period and not as part of the look-forward period for a rating ultimately more than 50% between July 30th, 1999 and February of 2000. Let me just make sure I understand your argument. I think you may have gone over this with Judge Bryson, but I just want to be sure I have it clear in my head. So, you acknowledge that the Board held on page 115 of the appendix, this quote, the Board has considered May 99 and June 99 hospitalization records in light of all the evidence of record and has determined they provide no basis on which to conclude the veteran's PTSD was 100% disabling at an earlier time. So, you're saying, I agree. The Board made an alternative holding that he wasn't entitled to 100%. That doesn't mean he wasn't entitled to 50%. And if they had treated it properly, like we said they have to in bond as a continuation of the original claim as opposed to a request for an increase, a whole new claim, then they would have had to make more particular fact findings that are different. That it's not enough to say he's not entitled to 100, that he had anywhere in the range from 30 to 100 he could have gotten. That's correct. That's your argument. That's my argument. Because the nature of 3.156B is to regulatorily create a pending claim. That if you make submissions after the original decision is made within the appeal period, then those submissions extend the period for the filing of a notice of disagreement. But you agree the Board's already made a fact finding that he wasn't entitled to 100%. To 100%. That would be correct. But that is not the issue in a pending claim, although that is part and parcel of the consideration. And I believe, Your Honor, I need to correct the record that I misspoke to you initially because of the interim decision of July 2000. They did increase the base rating from 30 to 50. So at issue would have been 70 or 100. Anywhere between 50 and 100. Well, but there's really only two under the rating schedule. I don't know the rating schedule. You either go to 70 or you go to 100. That's correct. To stay where you are. And they've ruled out 100 already, so the only real question for the Board on remand in your mind was did he establish entitlement with this evidence to 70? Correct. Which potentially at 70 would have implicated extra scheduler for entitlement to a total rating based upon unemployability. And that's why treating this as a pending claim becomes a question of law, not a question of fact, because that's critical to the proper adjudication of a claim under the VA's own regulations. Thank you very much, Your Honor. I see that I'm into my rebuttal time. I'll reserve the balance. Thank you. Mr. Hantos? Good morning, and may it please the Court. Alex Hantos. I'm with the United States. Mr. Hampton's appeal fails for three reasons. First, the Court lacks jurisdiction to entertain this appeal because the Veterans Court did not interpret Section 3.156B. Second, even assuming there is an interpretation, there was no misinterpretation of that particular section, and even assuming there's a misinterpretation. How can you say there's no misinterpretation in light of our decision in Bond versus Shinseki? Well, I think this case is very different from Bond. Bond set a rule that if the Secretary receives a submission, the Secretary must view that submission through the prism of new and material evidence and consider that under 3.156B. And that's exactly what happened in this case. There are two submissions in this case, one in October of 1999 and one in April of 2000. Now, the record is very clear that the Secretary looked at both of these submissions, and this would be consistent with Bond. The October 1999 submission was determined to be new and material evidence. In fact, it's not even disputed in this case. Mr. Hampton's brief, pages 4, 8, and 11, all recognize that the Secretary received new and material evidence. It was considered, and any duty under Bond or 3.156B was discharged. With respect to the April submission and the factual development caused by the April submission, the Board expressly found that that was not new and material evidence. And so consistent with Bond. Where is that express finding? That finding can be found at Joint Appendix 115, 116. It's really in the middle paragraph on 116, right? Therefore, it is not new and material evidence. That's what you're relying on? That's right. So this is exactly what the Veterans Court and the Secretary, more to the point, need to be doing under the court's decision in Bond. What we have here is that express consideration that this court found lacking in Bond. And so I think this case is materially different from Bond. Now, that also illustrates that really what we're talking about here is a straightforward, if we go to the merits argument, 3.156B was simply not misinterpreted. It was not misimplied. And I guess I think it's just something that the court is going to have to take a look at, but it seems pretty clear when we have a statement that this stuff was considered at the October 99 submission and that actually caused Mr. Hampton to receive additional benefits. So that is not in dispute. And for the later submission in April 2000, that was determined to be not new material evidence. And by 3.156B's very terms, that is satisfied. If something is not new and material evidence, 3.156B, which only applies to new and material evidence, is finished. There's no further inquiry under that regulation. There is no misinterpretation of 3.156B. Counsel, the stuff you pointed to on 116 of the record, they say, therefore, it is not new and material evidence. That's just talking about the note, the psychology note. It's not discussing all of the evidence. They're saying this one piece is not new and material evidence. I recognize that, and I would disagree with that a little bit. I think the next sentence goes on to talk about records that happened in March 2000. But here's the rub. What's important is that... So the board, if I read the opinion the way I just suggested, then the board didn't actually make the fact finding that you're relying on and do everything it should under bond, i.e., decide whether it's new and all the stuff submitted was new and material evidence. I think I would disagree with that, and this is why. The court needs to remember the context of this decision. This is the board's decision after a joint motion for remand was filed in the Veterans Court. So as of the status quo when the board was making this decision was that Mr. Hampton was going to receive 100% service-connected PTSD as of early 2000. So the only question is, is he entitled to something earlier than that, prior to the earliest effective date? And the earliest piece of evidence is that February 22, 2005, 2000 treatment note. So it makes perfect sense for the board to be focusing on what happened before because that's the only fight. The only question is if he's entitled to something earlier than that. And so I think this is perfectly consistent with bond, and it's perfectly consistent with the beneficence scheme of benefits and the Secretary trying to award benefits as soon as it's factually ascertainable, pursuant to 5110B2, that Mr. Hampton's increase in PTSD occurred. When the April 2000 communication came in, the DVA responded by obtaining some materials, and that's what we're talking about here with respect to the new material evidence claim with respect to the April 2000. Those materials, and correct me if I'm wrong because it wasn't entirely clear to me from the briefs, but those materials, I take it, are the materials found at 25 through 34 of the joint appendix. Those are two items, one, a lengthy item that you've referred to, I think, as the treatment note, is that what you call it? The psychology note, that's right. The psychology note. And then another shorter document that's really, I guess, on page 33 and leading over to 34. Yes. That was the second of the two items, and there were only two? Or was there any more than that? If you look at page 26, this is sort of a long tally of records from different dates. And so what we see is that on page 26, back up to 27, this was dated at the middle of the page April 24, 2000, and it appears to be in reverse chronological, so if we skip ahead to 32, that's when we see the psychology note. But if I were to look in the file and say, what was it that the board was looking at in connection with the April 2000, I would find these two documents, correct? That's correct. And nothing more? I think that, well, no, that they were looking at additional materials. We had things like the hospitalization records from May 99. Right, but when I say that this is all they were looking at, with specific reference to the April, where I'm trying to go with this, I'm trying to figure out the significance of what the board said at 115, 116. Were they talking about only one of a large number of documents, or were they talking about one of two documents when they referenced the psychology note? The reference to the psychology note is a specific reference to Joint Appendix 32, the document found there. Right, okay. So there's one other document that they would have before them with respect to April 2000, setting aside the hospitalization that came up in October 99 and so forth. Correct. And we would be talking about March 2000. Again, this is the next sentence on 116. March 2000, there was an outpatient record. And that's the 33 to 34 document? I believe that was a May. That actually was dated May. I think the March record would be found earlier on in that string that we talked about earlier, 25. Oh, I see. That's still in the larger. That's correct, Your Honor. Those are distinct and different from the psychology note then? Well, it appears it's looking at the printout. It's part of one sort of record, one corpus. But they're very different records, obviously. A February 22nd psychology note is a February 22nd psychology note. Okay, but it's not everything on those pages from 26 to 33. What's not everything? I'm trying to understand. When the board said, therefore, it's not new material evidence. What is the it? What is the it? Right. That's what we're trying to figure out. Which page in the record is not new material evidence? And I think there is some ambiguity. I mean, I'd recognize that. But what I think the focus needs to be is that the it is the earliest document. Again, the board is looking for a way to try to get an earlier effect. That's what Mr. Hampton wanted at this time. And so what we have is a situation where the board is saying, even if we went back to February 22nd, 2005, that's the earliest date that we can determine that it was factually ascertainable pursuant to 5110B2. Well, but now you're focusing back on effective date. And, of course, I think what Mr. Hampton would say is that, well, but suppose one of these documents is new and material evidence and disabled at that point. That would be pertinent. 70%. That would be pertinent to his argument, right? I would agree that that would be pertinent to his argument. I disagree that the record reflects that the board didn't consider those. You disagree that the record reflects they didn't consider it. Is there anything to indicate that they did with respect to an issue other than effective date? Well, no. I think that the focus of, again, we have to go back to, we're not talking about what arguments are being raised later on. We're talking about what the board was charged with doing at the time and what arguments Mr. Hampton was making to the board. And the issue before the board in 2007 after remand from the Veterans Court was whether Mr. Hampton was entitled to an effective date earlier than February 22nd, 2000. That was the inquiry. That was the question before the board. For the 100% disability rating. Well, for the 100% disability. What if he was entitled to an earlier date for something less than 100? I think that would necessarily be subsumed in the 100% effective date. I mean, why would Mr. Hampton want to, Mr. Hampton is going for the most benefits possible and that's understandable. I think it doesn't make much sense that he would be looking for something less than 100%. If he was being considered for 100%. Mr. Carpenter's argument, as I understood it, was the board said he wasn't entitled to 100%. But they actually didn't address whether he might be entitled to something less than that because they were focused on effective date as opposed to benefit entitlement, which they would have done if they treated this as an original part of the original claim, as opposed to a request for increase. I think that it also ignores the fact that, you know, there's a progression here in the timeline. And the board's original decision in May of 2002, I think, I think is critical. And that's, that is where the board said, we're going to a hundred percent instead of 70% for Mr. Hampton's service connected PTSD. So again, I don't see how, and that issue was resolved, whether he was 70% was resolved on the way up. And by 2007, the only question is was whether Mr. Hampton was entitled to a hundred percent before February, 2000. And I guess I was, I would just say one other point with respect to, if the court did find error, I think the court raised this before, but we certainly agree that the consideration that was required was accomplished in this case. If there was a remand, it's just totally unclear as to what the secretary would have to do differently and why the, why a remand would make any sense in this case is beyond us because the secretary has looked at the same evidence that the secretary would look at if this court ordered a remand. And I just think that any argument that there was a prejudicial error here is, is really waived. I mean, certainly we raised that in our response brief and Mr. Carpenter didn't reply and make any, any argument in response in the reply. So to the extent that there's a prejudicial argument that's being made for the first time here at oral argument, I think that's a little unfair, but even at looking at the merits, there's just simply no prejudicial error, even if the court finds that there was a misinterpretation of 3.156B because the secretary considered Mr. Hampton's entitlement to an effective date earlier than February, 2000, unless there are any further questions. Thank you. Mr. Carpenter. May it please the court. The VA simply misunderstands both this appeal and Mr. Hampton's appeal. They say that the only issue is effective date. That is not the issue. That is not the issue which Mr. Hampton presented. The issue that Mr. Hampton appealed was the initial rating assigned his service connected disability. And that's what he appealed. The VA and the board converted this into an issue of effective date. I'll direct your attention to the record joint appendix at page 100. The issue as defined by the board is entitlement to an effective date prior to February 22, 2000. Where are you? Record joint appendix at 100. It is the cover sheet, the front page of the board's decision, which identifies the issue as entitlement to an effective date prior to February 22nd, 2000, for increased rating for 100% for post-traumatic stress disorder. That is simply not the issue. And the government gets up here and misrepresents that that is the only issue. And that is the clear evidence that the board misinterpreted 3.156B because the issue is not effective date. The issue is entitlement to a rating more than 50% from June 30, 1999 until February 2000. That's the issue. He didn't get that heard by the board because the board addressed this as an effective date. And there is no concession on the part of Mr. B that 3.156B was correctly applied. It was not correctly applied by the veterans court because the veterans court said that he had to have filed a notice of disagreement with the February 2000 board decision. That is a misinterpretation of 3.156B. The provision to 3.156B negate the necessity to file a notice of disagreement until the new submissions have been considered and decided. It doesn't seem, though, that the notice of disagreement or that statement, that Hedren's statement that was filed, actually complained about the prior rating. It just simply said that he needed a new rating. That's correct, Your Honor. But this was at a time in which he was not represented by counsel. And at that time, the veteran was simply trying to express disagreement, which is all that's required under 7105. When the matter was perfected on appeal with the VA-9, the issue was narrowed because by that time they had acknowledged that his initial rating should not have been 30 but should have been 50. When I read the note and I read it in light most favorable to Mr. Hampton, I just simply can't see that he's stating any type of disagreement to the prior rating. And he's simply saying, I'm getting worse. I need a new rating. Is that sufficient under the regulation as a notice of disagreement? Yes, it is, Your Honor. All that is required under 7105 is the expression of disagreement. And under the VA's regulation, he must also express an entitlement to administrative appellate review. He, when the notice of disagreement was filed with the July 2000. If we were to find that the notice of disagreement was sufficient, legally sufficient, then is it your argument that the board should have gone back to the prior 30% rating? No, because in the interim, in the July 2000 decision, the VA had granted a increase from 30 to 50. Following the discharge from the period of hospitalization, they reduced it back down to 30 based upon the first submission. Based upon the second set of submissions, they increased that from 30 to 50 effective November, excuse me, June 30, 1999. Mr. Carpenter, your argument about this 70% and he wanted, he was arguing his initial rating was inadequate and that the 100% is not enough. I just don't, it doesn't really flesh out of your brief for me. And on the joint motion for remand, which was both parties, uh, bottom of page 95 is where, where the parties respectfully move the court to vacate the May 2005 decision of the board that denied an earlier or denied an effective date earlier than February 22nd for a total schedule or rating for PTSD. The joint motion for remand, I assume at this point in time you were involved in this case or an attorney was, and this is a joint motion for remand. And where in you jointly with the government state what the issue is on remand and that was the way you framed it. So your argument today is lucid and clear, but it doesn't seem to be what you presented necessarily below or argued in your brief. Because at that point in time, Your Honor, the law was not clear that this was part and parcel of the same claim. When the court decided Rice, the court below decided Rice in 2009, they recognized that as you raise issues during the course of your appeal and as new and material evidence comes in, that is all part and parcel of the same claim, the original claim. In this case, the May 1999 claim. In point of fact, we were bound to vacate the decision that was made by the board. The board was the one that mis-framed the issue. I have no control over how the board frames the issue. We framed the issue in the substantive appeal, which I was just looking at at the joint appendix in at page 65. And there we did frame the argument as earlier effective date. But what we've learned since December of 2003 from the Rice case, the Rice case teaches that when you commence a claim, that claim continues to be the claim for the initial rating assigned when the initial rating assigned is not the maximum benefit available by law. So you're correct that as this progressed through initially, even with the initial notice of disagreement and with the eventual assistance of counsel, the issue got mis-framed. But under the correct interpretation of 3.156B, when the VA amended its regulation, it changed the label. It changed the header to 3.156B to refer to pending claim. The pending claim here is the May 1999 original claim. Yes, Judge Bryson. Well, I was really just going to follow up on Judge Moore's question regarding the joint motion for remand. So it does appear that that motion directs, at the agreement of the parties, directs the board to do what the board did. I mean, there's no argument that the board did what you and the government asked them to do and what the Court of Appeals for Veterans Claims blessed. That's correct. Would you say that where then is the preserved error here? Well, the error is... The error that you've preserved. Well, the error is the misinterpretation of 3.156B by the Veterans Court, which said that Mr. Hampton was precluded. Sorry, I went blank on my client's name. I apologize. That Mr. Hampton was precluded from using the benefit of 3.156B because he didn't file a timely notice of disagreement. But since the board did what you asked them to do, I don't know why that becomes a particularly telling point in the case. That's my problem. Because the issue that was presented to the Veterans Court was whether or not the board had, when they reconsidered it on remand, and it's a whole new adjudication, they re-decide the question that is before them and they are required by statute to apply all applicable provisions of law and regulation. 3.156B was an applicable provision of law and regulation. We argued below that they didn't apply. The Veterans Court said that we weren't allowed to rely upon that because we didn't file a timely notice of disagreement. That was an error of law that relied upon a misinterpretation of 3.156B. Okay. Thank you very much, Your Honor. Thank you, Mr. Carpenter. The case is submitted. We thank both counsel.